UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID E. SMITH,

                Plaintiff,

                DECISION AND ORDER

       -v-

                06-CV-6516 CJS

CORNING INCORPORATED,
and D'ANN GRELL,

                Defendants.

---

APPEARANCES

| | |
|---|---|
| For the Plaintiff: | Patrick J. Boyd, Esq. |
| | The Boyd Law Group PLLC |
| | 230 Park Avenue, Suite 1000 |
| | New York, New York 10162 |
| For the Defendants: | Carolyn G. Nussbaum, Esq. |
| | Nixon Peabody LLP |
| | Clinton Square, P.O. Box 31051 |
| | Rochester, New York 14603 |

INTRODUCTION

     This is an action brought pursuant to the "whistleblower" anti-retaliation provision of the Sarbanes-Oxley Act of 2002 ("the Act"), 18 U.S.C. § 1514A(a)(1). Now before the Court is defendant D'Ann Grell's ("Grell") motion [#13] to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). For the reasons that follow, the application is granted.

BACKGROUND

The facts of this case were set forth in detail in a prior Decision and Order [#22] in this case. For purposes of the instant motion, it is sufficient to note that Grell was plaintiff's immediate supervisor at Corning, and that plaintiff contends that Grell caused his employment to be terminated, after plaintiff raised concerns about problems with Corning's financial software. After Corning terminated plaintiff's employment, plaintiff filed a complaint with the Secretary of Labor, alleging a violation of 18 U.S.C. § 1514A and 29 C.F.R. Part 1980. Significantly, plaintiff named Corning as a respondent or "named person" in his complaint, but not Grell. Subsequently, after exhausting his administrative remedies at least as to Corning, plaintiff commenced the subject action, naming both Corning and Grell as defendants.

On May 2, 2007, Grell filed the subject motion to dismiss the complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Grell maintains, in that regard, that the complaint must be dismissed as against her because plaintiff failed to exhaust his administrative remedies in her case, as required by 18 U.S.C. § 1514A(b)[1]. In opposing Grell's application, plaintiff maintains that his administrative complaint is sufficient because it contains detailed allegations concerning her role in the termination of his employment. Moreover, he argues that, since he could have moved to amend his administrative complaint to name Grell as a party, he should be allowed to include Grell as a defendant in this action.

---

[1] Alternatively, Grell also contends that plaintiff's complaint fails to state a claim under the Act, because plaintiff did not engage in protected activity. In its prior Decision and Order [#22], the Court rejected the identical argument by Corning. The Court similarly rejects Grell's argument in that regard.

2

On July 20, 2007, counsel for the parties appeared before the undersigned for argument of the motion.[2] The Court has thoroughly considered the parties' submissions and the comments of counsel.

## ANALYSIS

Grell's motion to dismiss is made pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. It is well settled that,

> [a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.

*Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000)(citations omitted). On the other hand, when determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted," a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999), *cert. denied*, 531 U.S. 1052 (2000). The Court "may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (internal quotations omitted) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Court construes Grell's motion as one that should be analyzed under Rule 12(b)(6). *See, Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) ("[W]hen our decisions have turned on the question of whether proper administrative exhaustion is a

---

[2] Plaintiff's counsel appeared by telephone with the Court's permission.

jurisdictional prerequisite rather than a waivable condition precedent to bringing suit, we have consistently chosen the latter approach[.]")

It is undisputed that the Act requires a plaintiff to exhaust his administrative remedies before commencing an action in federal court. *See*, 18 U.S.C. § 1514A(b).[3] It is also clear that the federal courts that have considered the issue have consistently held that a plaintiff may not sue a particular defendant in federal court, or assert a particular claim, unless he has exhausted his administrative remedies as to that defendant or claim. *See, e.g., Bozeman v Per-Se Technologies, Inc.*, 456 F.Supp.2d 1282, 1357 (N.D. Ga. 2006) ("As the Plaintiff did not specifically name Pead and Dagher in the OSHA proceedings, he, thus, failed to exhaust his administrative remedies with respect to them.") (*citing Hanna v. WCI Communities, Inc.*, 2004 U.S. Dist. LEXIS 25652 at *7-9 (S.D. Fla. Nov. 15, 2004)). In that regard, it is not sufficient to merely mention an individual in the body of the administrative complaint. *Bozeman v. Per-Se Technologies, Inc.*, 456 F.Supp.2d at 1358. Instead, the administrative regulations indicate the necessity of listing as defendants the particular "named persons" who are alleged to have violated the Act. *See*, 29 C.F.R. § 1980.101 ("Named person means the employer and/or the company or company representative named

---

[3]In other jurisdictions there is some dispute as to whether the failure to exhaust administrative remedies under the Act is a jurisdictional defect, or a non-jurisdictional failure to state a claim. *Compare, Willis v. Vie Financial Group, Inc.*, No. Civ.A. 04-435, 2004 WL 1774575 at *2 n. 3 (E.D.Pa. Aug. 6, 2004) ("The Third Circuit treats motions based on administrative exhaustion arguments as motions for failure to state a claim under Rule 12(b)(6) as opposed to motions for lack of subject matter jurisdiction under Rule 12(b)(1).") (citation omitted); *JDS Uniphase Corp. v. Jennings*, 473 F.Supp.2d 705, 710 (E.D.Va. 2007) ("This exhaustion requirement is jurisdictional.")

in the complaint who is alleged to have violated the act."); 29 C.F.R. § 1980.104 ("Upon receipt of a complaint in the investigating office, the Assistant Secretary will notify the named person (or named persons) of the filing of the complaint . . . ."); 29 U.S.C. § 1980.108 ("The complainant and the named person will be parties in every proceeding.").

Based upon the foregoing, the Court finds that plaintiff failed to exhaust his administrative remedies as against Grell, by failing to include Grell as a named person in the administrative complaint. Consequently, plaintiff may not include Grell as a defendant in the instant action.

## CONCLUSION

Accordingly, Grell's motion to dismiss [#13] is granted. The Clerk of the Court is directed to terminate Grell as a party to this action.

SO ORDERED.

Dated:   July 23, 2007
         Rochester, New York          ENTER:


                                      /s/ Charles J. Siragusa
                                      CHARLES J. SIRAGUSA
                                      United States District Judge